IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JOHN M. SIBLEY, JR., ) | |
| ) | Case No. 4:05CV00046 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RAIL AMERICA, INC., ) | |
| a Delaware Corporation, d/b/a VIRGINIA ) | By: Jackson L. Kiser |
| SOUTHERN RAILROAD and NORTH ) | Senior United States District Judge |
| CAROLINA & VIRGINIA RAILROAD ) | |
| COMPANY, INC., a Virginia Corporation, ) | |
| d/b/a VIRGINIA SOUTHERN RAILROAD ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before me now are Defendant Rail America Inc.'s ("Defendant") Motions to Dismiss under Fed. R. Civ. P. Rules 12(b)(1) and (2) for lack of subject matter jurisdiction and personal jurisdiction as claimed in Plaintiff John M. Sibley, Jr.'s ("Plaintiff") Complaint. The parties have briefed the issues and oral argument was held on December 8, 2005. The motion is therefore ripe for decision. For the reasons stated herein, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED** and Defendant's Motion to Dismiss for lack of personal jurisdiction is **DISMISSED** as moot.

**I. STATEMENT OF THE CASE**

Plaintiff worked for Virginia Southern Railroad Company ("Virginia Southern"), an unincorporated subsidiary of the North Carolina & Virginia Railroad Company, Inc. ("NCVA") since at least 2001. Plaintiff underwent surgery on his right foot and ankle in September of 2003. He returned to work for Virginia Southern at its Keysville, Virginia office from

1

November 7, 2003 - May 18, 2004. During this time, Plaintiff alleges that he was approved, assigned, and permitted to perform work for which he was not physically suited following his foot and ankle surgery and that he was not provided a safe working environment when he was injured. According to Plaintiff, these actions caused him to aggravate and/or reinjure his right foot and ankle which required surgery on February 8, 2005. In addition, Plaintiff alleges that these actions caused him to suffer a compression fracture in his lower back which could leave him permanently damaged.

The defendants in this case are Virginia Southern and Defendant. As stated above, Plaintiff worked directly for Virginia Southern. Defendant is a holding company that indirectly owns a controlling interest in a number of corporations that operate railroads, one of them being Virginia Southern. More specifically, Defendant wholly owns Palm Beach Holding, Inc. which wholly owns Rail America Transportation Corp. which wholly owns RailTex, Inc. which wholly owns the NCVA. Virginia Southern is one of two operating divisions of the NCVA.

## II.     PROCEDURAL BACKGROUND

On August 29, 2005, Plaintiff sued Virginia Southern and Defendant pursuant to the Federal Employer's Liability Act (FELA), 45 §§ 51, et. seq. Count One of Plaintiff's Complaint alleges that Defendant gave Plaintiff a work assignment for which he was not physically suited to perform. Count Two alleges that Defendant did not provide Plaintiff with a safe working environment. The only jurisdictional basis alleged in Plaintiff's Complaint is under FELA. Virginia Southern admits that this Court has subject matter and personal jurisdiction over it while Defendant has brought these motions to dismiss for lack of both subject matter and personal jurisdiction. Defendant's motions were filed separately on the same day, September 29,

2005. Plaintiff filed his Briefs in Opposition to both motions on October 14, 2005 and Defendant filed a Reply Brief to both motions on October 21, 2005. Defendant originally scheduled a hearing for both motions before this Court on November 3, 2005 but later rescheduled the hearing for Thursday, December 8, 2005 with no apparent objection by Plaintiff. Oral argument was held on December 8, 2005, thus making the matter ripe for decision.

### III.     LEGAL STANDARD

A defendant may present a motion to dismiss for lack of subject matter jurisdiction in two different ways. *U.S. v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). First, the defendant may argue that the plaintiff's complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. If the defendant chooses this route, the facts alleged in the complaint are taken as true. *Id*. Alternatively, the defendant may argue "that the jurisdictional allegations of the complaint were not true." *Id*. When this is the case, the trial court "may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id*. In the present case, Defendant has based his 12(b)(1) Motion to Dismiss on this second method.

The Fourth Circuit has held that when the defendant, such as in this case, bases its motion to dismiss on the ground that the facts alleged in the plaintiff's complaint are untrue, "the trial court necessarily assumes a different role than in a proceeding to resolve a 12(b)(1) motion based on contentions that the complaint was jurisdictionally deficient on its face." *Id*. Rather than taking the facts alleged in the plaintiff's complaint as true, the burden of proving subject matter jurisdiction rests with the plaintiff. Both sides may present evidence "by affidavit,

3

depositions or live testimony without converting the proceeding to one for summary judgment." *Id*. (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)). The district court then weighs the evidence presented by both sides to determine if subject matter jurisdiction over the defendant does indeed exist. *Id*.

## IV.    DISCUSSION

After a careful review of the affidavits and briefs filed by both parties and after giving due weight to the arguments made before this Court at oral argument on December 8, 2005, I find that this Court cannot exercise subject matter jurisdiction over Defendant. For this reason, I must **GRANT** Defendant's Motion to Dismiss. It also follows from this decision that I need not consider whether Plaintiff may exercise personal jurisdiction over Defendant in this case. Defendant's Motion to Dismiss for lack of personal jurisdiction is therefore **DISMISSED** as moot.

For subject matter jurisdiction to properly exist against Defendant, Plaintiff must demonstrate that (1) Plaintiff was Defendant's "employee" for purposes of FELA; and (2) that Defendant is a "common carrier" as defined by FELA. 45 U.S.C. §§ 51, 57.

### A.    Plaintiff is not Defendant's Employee

The Supreme Court has identified three independently sufficient methods by which a plaintiff can show that he is employed by one entity for FELA purposes, even though he is "nominally employed" by another entity. *Kelley v. Southern Pac. Co.*, 419 U.S. 318, 324 (1974). A plaintiff may either be (1) a borrowed servant; (2) serving two masters simultaneously; or (3) a subservant of a servant railroad. *Id*. Here, Plaintiff argues that he was serving two masters simultaneously or, alternatively, that he was a subservant of a servant railroad. For the reasons

4

that follow, I disagree with both of Plaintiff's contentions.

Both Plaintiff and Defendant correctly recognize that the issue of control is the key to determining whether an employment relationship exists under all three of the employment relationships discussed in *Kelley* and its progeny. To demonstrate Defendant's control over Plaintiff, Plaintiff relies chiefly on Defendant's employee handbook and other rulebooks which state that "the Company" controls many aspects of the employment relationship. Plaintiff argues that through these books, Defendant - as "the Company" - controlled Plaintiff's working hours, dress code, medical examinations, profit sharing, leaves of absence, benefits, and other aspects of daily work. Additionally, Plaintiff asserts that Defendant controlled the movement of trains in Virginia and directed Plaintiff to temporarily work for two of Defendant's other subsidiaries in Michigan and Canada. These arguments are unavailing.

First, it seems that Plaintiff has overlooked a key definitional phrase in the Defendant's handbook. Contrary to Plaintiff's characterization, page seven of the handbook defines "the Company" as including "RailAmerica, Inc. (RA), and its subsidiaries, including your employer." Similarly, the profit-sharing plan discussed on page 71 of Defendant's handbook distinguishes between Defendant's own employees and the employees of a "Participating Railroad," such as the NCVA and Virginia Southern. Furthermore, the handbook leaves the specifics of daily control to the discretion of Plaintiff's local supervisors. Indeed, Plaintiff does not dispute that the NCVA and Virginia Southern had the power to set his work hours and to hire, fire, or discipline him. Thus, the handbook seems to clearly and expressly state that Defendant's employees and the employees of its many subsidiaries are not one and the same. Contrary to Plaintiff's assertions, the handbook does not establish that an employment relationship existed

5

between Plaintiff and Defendant.

The handbook seems to be better characterized, as argued by Defendants, as a document produced by a parent company and distributed to its subsidiaries for economy of scale purposes. The Fourth Circuit has held that a parent company may provide its subsidiaries with resources without the parent company assuming the role of employer to the employees of the subsidiaries. *See*, *Hukill v. Auto Care Inc.*, 192 F.3d 437, 443-44 (4th Cir. 1999). Simply providing these resources, such as an employee handbook, does not automatically create an employment relationship. Control over the subsidiary's employees and the subsidiary's "employment decisions" by the parent company must still be shown. *Johnson v. Flowers Ind. Inc.*, 814 F.2d 978, 980 (4th Cir. 1987). As stated above, Defendant's employee handbook does not purport to control either Plaintiff or the NCVA and Virginia Southern's employment decisions.

Paragraph four of Plaintiff's second affidavit also shows that Plaintiff's own supervisor at the NCVA, and not Defendant, was responsible for sending him to work temporarily in Canada. That same supervisor, Edward J. Thum, Jr., was also the person who authorized Plaintiff to return to Virginia Southern. Defendant took no part in this decision, which is consistent with the statements in Defendant's employee handbook referenced above. Plaintiff's first affidavit discusses his temporary assignment to Michigan, but does not say who authorized this assignment. Thus, for neither of his two temporary relocations is there evidence that Defendant controlled where Plaintiff worked. Finally, I reject Plaintiff's contention that Defendant controls the movement of trains on Virginia Southern's line in Virginia. The evidence in the record shows that the Atlantic Regional Dispatch Center (ARDC) which controls and monitors the Virginia Southern's line is, like Virginia Southern itself, an independent subsidiary of Defendant

6

whose employees' daily job tasks are also not controlled by Defendant.

It follows from this analysis that Plaintiff is not an employee of Defendant but is only an employee of the NCVA and Virginia Southern. Thus, Plaintiff cannot be construed to have been either serving two masters simultaneously or a subservant of a servant railroad under *Kelley* because Defendant lacked control over Plaintiff's employment. This evidence is sufficient to find that this Court lacks subject matter jurisdiction over Defendant.

### B.     Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is Moot

It is an elementary principle of Federal civil procedure that a defendant may not be brought to trial before a court that lacks subject matter jurisdiction over the defendant. For the reasons stated in Part IV-A, I have found that this Court lacks subject matter jurisdiction over Defendant. As a result, there is no reason to consider the merits of Defendant's Motion to Dismiss for lack of personal jurisdiction. Even if this Court has personal jurisdiction over Defendant, Defendant could not be sued in this Court because of the lack of subject matter jurisdiction. Thus, this Motion is **DISMISSED** as moot.

### V.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**. Because I have determined that Plaintiff lacks subject matter jurisdiction over Defendant under Fed R. Civ. P. 12(b)(1), I need not consider Defendant's Motion to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). That Motion is **DISMISSED** as moot.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

7

ENTERED this 11th day of January, 2006.

                                      s/Jackson L. Kiser
                                      Senior United States District Judge